**Willie A. KEY, Appellant,**

v.

**BOARD OF VOTER REGISTRATION OF CHARLESTON COUNTY, Gertrude D. Brown, Edwin Guenther, Chairman, Helen L. Hutchinson, Inez Simpson and The State of South Carolina, Governor James B. Edwards, Appellees.**

No. 79–1692.

United States Court of Appeals, Fourth Circuit.

Submitted Feb. 25, 1980.

Decided May 23, 1980.

Willie A. Key, pro se.

Daniel R. McLeod, Atty. Gen., C. Tolbert Goolsby, Jr., Deputy Atty. Gen., James M. Holly, Columbia, S. C., Barbara J. Hamilton, Asst. Attys. Gen., for appellees.

Before WINTER, BUTZNER and RUSSELL, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The plaintiff/appellant complains that he was illegally denied the right to vote in the June 13, 1978 primary election in Charleston County, South Carolina. He sought both damages and injunctive and declaratory relief. Following discovery the defendants, members of the Board of Registration of Charleston County, moved for summary judgment. The motion was granted and the complaint was dismissed. The plaintiff has appealed. We affirm.

We begin with a brief summary of pertinent South Carolina election law. Each County in the State has a Board of Registration.[1] These Counties are divided by statute into designated voting precincts.[2] Every person desiring to qualify as an elector must apply in writing to the Board of Registration for the County within which he resides, certifying under oath, among other facts, his residence within his proposed voting precinct for more than four months.[3] Upon compliance with these requirements, he is issued a registration certificate for the voting precinct within which he lives and his name is entered upon the voting books of that precinct as an elector qualified to vote in that precinct.[4] Should the registered elector move "from one precinct to another in the same county such elector shall notify the board of registration of such county and surrender his certificate," whereupon the board will register him upon the registration book "of the precinct into which he has removed" and issue him a certificate accordingly.[5] No elector can vote at any precinct "unless his name appears on the official list of voters for the precinct."[6] Nor can any elector register to vote at any precinct for a period of "thirty days before each election, but only as to that election . . .".[7] This is because the books of registration in any county are closed for thirty days prior to an election held within that period, including any run-off.

The plaintiff, while living in Charleston Voting Precinct # 4, was duly registered as an elector at the precinct on January 8, 1974. At some time in 1975 or 1976 he moved to North Charleston and became a resident of North Charleston Precinct # 9. It was not until June 5, 1978, just eight days before the June primary election, that he notified the Board of Registration of his change of address and surrendered his certificate of registration in Precinct # 4, requesting a new certificate of registration as an elector of Precinct # 9. The Board refused to issue a certificate permitting the

---

1. § 7-5-10, Code of Laws of South Carolina (1976).

2. § 7-7-10, *ibid.*

3. § 7-5-170, *ibid.*

4. § 7-5-200, *ibid.*

5. § 7-7-940, Code of Laws of South Carolina (1976).

6. § 7-5-440, *ibid.*

7. § 7-5-150, *ibid.*

plaintiff to vote in Precinct # 9 eight days later in the June primary set for that time. As a consequence he was unable to vote in the June, 1978, primary. He claims the requirements of the statute that, to entitle one to vote at a precinct, he must be registered on the books of registration of the precinct at least thirty days before the election is racially discriminatory and constitutionally invalid and that a denial of his right to vote at the precinct in the primary on that ground entitled him to both damages and injunctive relief. We disagree.

The statutory requirement that, as a qualification of voting in any election, one must be duly registered on the books of registration of a State at least thirty days before that election has been held perfectly valid and constitutional. *Marston v. Lewis*, 410 U.S. 679, 93 S.Ct. 1211, 35 L.Ed.2d 627 (1973); *Burns v. Fortson*, 410 U.S. 686, 93 S.Ct. 1209, 35 L.Ed.2d 633 (1973); *Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 234 (1972). As the Court said in *Marston*, ". . . a person does not have a federal constitutional right to walk up to a voting place on election day and demand a ballot. States have valid and sufficient interests in providing for *some* period of time—prior to an election—in order to prepare adequate voter records and protect its electoral processes from possible frauds." (Emphasis in text) 410 U.S. at 680, 93 S.Ct. at 1212. There is nothing racially discriminatory in the requirement. It follows that, by refusing on June 5, 1978, to register the plaintiff as a qualified elector entitled to vote in the approaching June, 1978, primary election in North Charleston Precinct # 9, the defendants violated no federal constitutional right of the plaintiff and the district court correctly so held.

Finding no error in the judgment of the district court, we dispense with oral argument, and grant the motion of the appellees for summary affirmance.

*AFFIRMED.*